UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY CO.<br>    Plaintiff, | :<br>:<br>: |
| v. | :   No. 5:22-cv-04243<br>: |
| ROCKINMUSIK LLC,<br>    Defendant. | :<br>: |

**O P I N I O N**
**Plaintiff's Motion for Judgment on the Pleadings, ECF No. 21 – Granted**

**Joseph F. Leeson, Jr.**                                                                                **April 19, 2023**
**United States District Judge**

## I. INTRODUCTION

In this declaratory judgment action, Plaintiff State Farm asserts that its policy with Rockinmusik does not provide coverage for claims of assault and battery arising from the alleged sexual molestation of a minor student at the school operated by Rockinmusik and seeks a declaration that it has no duty to defend or to indemnify such claims. Rockinmusik denies State Farm's interpretation of the insurance policy. State Farm has filed a Motion for Judgment on the Pleadings. For the reasons set forth below, State Farm's Motion seeking declaratory relief is granted.

## II. BACKGROUND

In August 2008, Rockinmusik, which was insured by State Farm, entered into a franchise agreement with Paul Green School of Rock Music Franchising LLC to obtain a franchise to operate a School of Rock location in Easton, Pennsylvania. *See* Compl. ¶ 11 and Ex. B, ECF No. 1; Answer ¶ 11, ECF No. 7. In November 2021, Jane Doe filed a civil complaint in the

Superior Court of New Jersey against the School of Rock Easton, which is one and the same as Rockinmusik.  *See* Compl., Ex. A ("Underlying Complaint" and "Underlying Action"), ECF No. 1; Compl. ¶¶ 6-7; Answer ¶¶ 6-7.  Jane Doe alleged that in 2010, when she was thirteen years old, she began attending the school operated by Rockinmusik ("the School").  *See* Underlying Complaint ¶ 11.  She alleged that an adult teacher ("the Teacher") employed by the School made sexual comments to her, of which the School was allegedly aware.  *See id.* ¶¶ 12-14.  Jane Doe alleged that in or around 2011, the teacher began giving her private lessons at her home and at his home in New Jersey.  *See id.* ¶ 15.  She alleged that in or around 2014, the Teacher performed multiple sex acts on her, at which time she was seventeen years old.  *See id.* ¶¶ 16-17.  She alleged that "[a]s a result of the [] sexual abuse, Plaintiff has suffered and is suffering severe damage, including, but not limited to, emotional distress."  *See id.* ¶ 18.  The Underlying Complaint asserted three counts: (I) Hostile School Environment: Sex; (II) Assault and Battery; and (III) Negligent Hiring, Supervision and Retention, but the counts of Hostile School Environment: Sex and of Negligent Hiring, Supervision and Retention were dismissed without prejudice.  *See* Compl. Ex. E; Ex. A, ECF No. 24-1.  The count for Assault and Battery alleged: "[b]y their intentional actions as described above, Defendants committed the torts of assault and battery upon Plaintiff."  Underlying Complaint at ¶¶ 24-25.  State Farm is defending Rockinmusik in connection with the Underlying Action under a reservation of rights.  *See* Compl. ¶ 10; Answer ¶ 10.

On October 25, 2022, State Farm initiated the above-caption action seeking a declaratory judgment that it does not have an obligation to defend or to indemnify Rockinmusik regarding the Underlying Complaint, wherein the sole remaining count is Assault and Battery.  *See* Compl.  State Farm makes three claims.  First, State Farm alleges that the policy only provides coverage

for bodily injury caused by an "occurrence," which the intentional actions of the Teacher are not. *See* Compl. ¶¶ 54-65.  Second, State Farm contends that there is no coverage because the Assault and Battery claim in the Underlying Complaint falls under the "Expected or Intended Injury" exclusion in the policy.  *See id.* ¶¶ 66-72.  Third, State Farm asserts that to the extent the Underlying Complaint seeks punitive damages, such claims are not covered under the policy. *See id.* ¶¶ 73-77.  Attached to State Farm's Complaint are the Franchise Agreement; the Underlying Complaint; the orders entered in the Underlying Action dismissing the claim for Hostile School Environment: Sex and for Negligent Hiring, Supervision and Retention; copies of the insurance policies between Rockinmusik and State Farm for the period beginning January 1, 2009, and ending April 1, 2018; and the base coverage forms for the policies.[1]  *See id.* Exs. A-R.

Rockinmusik filed an Answer to the declaratory judgment Complaint on November 28, 2022, denying State Farm's interpretation of policy coverage and stating that the policies speak for themselves.  *See* Answer.  On February 13, 2023, State Farm filed a Motion for Judgment on the Pleadings.  *See* Mot., ECF No. 21.  The Motion is fully briefed.  *See* Resp, ECF No. 24; Reply, ECF No. 26.

The Business Liability Coverage of the State Farm policy issued to Rockinmusik for the period January 1, 2009, to January 1, 2012, states: "This insurance applies only: [] to bodily injury or property damage caused by an occurrence which takes place in the coverage territory during the policy period."  Compl., Ex. G, ECF No. 1-9.  The policy defines "occurrence" as "an

---

[1]   To the extent any of the attachments to the Complaint is not a complete copy, *see, e.g.* Ex. E (containing only the first page of the Order dated April 29, 2022, in the Underlying Action), this Court may consider the entire document for purposes of this Motion because the document was incorporated by reference in the Complaint.  *See Alcedo v. State Farm Mut. Auto. Ins. Co.*, 391 F. Supp. 3d 452, 454 (E.D. Pa. 2019) (explaining that in deciding a motion for judgment on the pleadings made pursuant to Rule 12(c), the court considers ". . . documents attached as exhibits or incorporated by reference in the pleadings").

accident, including continuous or repeated exposure to substantially the same general harmful conditions which result in bodily injury or property damage . . . ." *Id.* State Farm has a "right and duty to defend any claim or suit seeking damages payable under this policy . . . ." *Id.* The policy has an exclusion for "bodily injury or property damage . . . to any person or property which is the result of willful and malicious acts of the insured." *Id.* ("the Expected or Intended Injury exclusion").[2]

In very similar language, the Business Liability Coverage in the policy for the period of January 1, 2012, to April 1, 2018, provides: "This insurance applies: [] To 'bodily injury' and 'property damage' only if: (1) The 'bodily injury' or 'property damage' is caused by an 'occurrence.'" Compl., Ex. K, ECF No. 1-13. "'Occurrence' means an accident, including continuous or repeated exposure to substantially the same general harmful conditions." *Id.* State Farm's duty to defend does not extend to suits "to which this insurance does not apply." *Id.* The "Expected or Intended Injury" exclusion provides that "this insurance does not apply to . . . 'Bodily injury'. . . which is the result of willful and malicious, or criminal acts of the insured."

### III.  STANDARD OF REVIEW

####     A.    Motion for Judgment on the Pleadings – Review of Applicable Law

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "In deciding a motion for judgment on the pleadings under Rule 12(c), the Court considers the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, matters of public record, and indisputably authentic documents

---

[2]   Since the language of the exclusion is nearly identical to the "Expected or Intended Injury" exclusion in the policy for the period of January 1, 2012, to April 1, 2018, it too will be referred to as the "Expected or Intended Injury" exclusion.

attached to the motion—provided the claims are based on these documents." *Doe v. Archdiocese of Phila.*, No. 20-3024, 2021 U.S. Dist. LEXIS 38426, at *6-7 (E.D. Pa. Mar. 2, 2021). *See also Vacanti v. Apothaker & Assocs., P.C.*, No. 09-5827, 2010 U.S. Dist. LEXIS 120109, at *6 (E.D. Pa. Nov. 12, 2010) (explaining that the notable difference between the standard under 12(b)(6) and 12(c) is "that the court in a motion on the pleadings reviews not only the complaint but also the answer and written instruments attached to the pleadings" (internal quotations omitted)). "Judgment will not be granted unless the movant clearly establishes there are no material issues of fact, and he is entitled to judgment as a matter of law. [The court] must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir. 2005) (internal citations omitted).

      **B.    Declaratory Judgment- Duty to Defend/Indemnify – Review of Applicable Law**

"Parties to an insurance contract may invoke the Declaratory Judgments Act[3] to interpret their obligations under an insurance contract, including whether an insurer has a duty to defend." *OneBeacon Am. Ins. Co. v. Urban Outfitters, Inc.*, 21 F. Supp. 3d 426, 433 (E.D. Pa. 2014) (citing *Gen. Accident Ins. Co. of Am. v. Allen*, 692 A.2d 1089, 1095 (Pa. 1997)). In the Commonwealth of Pennsylvania, an insurance company's obligation to defend an insured covered by its policy is analyzed under a two-part framework. *See Simon Wrecking Co., Inc. v. AIU Ins. Co.*, 350 F. Supp. 2d 624, 640 (E.D. Pa. 2004). The court is first required to ascertain

---

[3] "The Declaratory Judgment Act provides: '[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.'" *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126 (2007) (quoting 28 U.S.C. § 2201(a)).

the scope of the policy's coverage. *Id*. Second, "the court must examine the complaint in the underlying action to ascertain if it triggers coverage." *Id*. (citing *Allen*, 692 A.2d 1089). "The obligation to defend an action brought against the insured is to be determined solely by the allegations of the complaint in the action." *Allen*, 692 A.2d at 1094 (internal quotations omitted).

"An insurance company's duty to defend is broader than the duty to indemnify." *Zurich Am. Ins. Co. v. R.M. Shoemaker Co.*, No. 12-873, 2012 U.S. Dist. LEXIS 35760, at *11 (E.D. Pa. Mar. 16, 2012), *aff'd* 519 Fed. Appx. 90, 92-93 (3d Cir. 2013). "[T]here may be a duty to defend without a duty to indemnify." *Frog, Switch & Mfg. Co. v. Travelers Ins. Co.*, 193 F.3d 742, 746 (3d Cir. 1999). However, if "a court finds that there is no duty to defend, it must necessarily hold that there is no duty to indemnify either." *Westfield Ins. Co. v. Bellevue Holding Co.*, 856 F. Supp. 2d 683, 702 (E.D. Pa. 2012).

      **C.**      **Contract Interpretation – Insurance Policies – Review of Applicable Law**

Interpretation of insurance contracts is undertaken by the court to determine the intent of the parties as manifested by the written agreement. *See Allen*, 692 A.2d at 1093. The policy must be read as a whole and construed according to its plain meaning. *See Frog, Switch*, 193 F.3d at 746. Any ambiguities must be construed in favor of the insured. *See id*. "[E]xclusions are always strictly construed against the insurer and in favor of the insured." *Nationwide Mut. Ins. Co. v. Cosenza*, 258 F.3d 197, 206-07 (3d Cir. 2001).

"The burden is on the insured to establish coverage under an insurance policy. . . . It is the insurer, however, that bears the burden of establishing the applicability of an exclusion in an insurance contract." *Id*. "If the insurer demonstrates that an exclusion is triggered, the burden shifts back to the insured to show either that the exclusion does not apply or that an exception to

the exclusion applies." *Doherty v. Allstate Indem. Co.*, No. 15-05165, 2017 U.S. Dist. LEXIS 52795, at *38 (E.D. Pa. Apr. 6, 2017).

IV.     **ANALYSIS**

> A.     **Rockinmusik's policy does not cover the alleged harm to Jane Doe that arose from the alleged intentional conduct of the Teacher; thus, State Farm has no duty to defend the Assault and Battery claim in the Underlying Action.**

State Farm's policy with Rockinmusik only provides coverage for bodily injury caused by an "occurrence," which is defined as "an accident." *See* Compl., Exs. G-K. An "accident" is an unexpected and undesirable event occurring unintentionally. *Donegal Mut. Ins. Co. v. Baumhammers*, 938 A.2d 286, 291 (Pa. 2007). "Intentional conduct does not qualify as an 'occurrence,' while conduct that is accidental or negligent does." *Allstate Ins. Co. v. Hopfer*, 672 F. Supp. 2d 682, 686 (E.D. Pa. 2009). Thus, to determine whether the conduct was an "occurrence," the court considers whether the underlying injury was caused by an accident or by intentional conduct. *See Metro. Prop. & Cas. Ins. Co. v. Spayd*, No. 5:16-cv-04693, 2017 U.S. Dist. LEXIS 115721, at *11 (E.D. Pa. July 24, 2017).

The Assault and Battery count in the Underlying Complaint is based on the alleged "intentional actions" of the Teacher against Jane Doe. *See* Underlying Complaint at ¶ 25. Under New Jersey law,[4] "assault and battery are intentional torts." *Atain Specialty Ins. Co. v. Underpass Enters.*, No. 145806, 2016 U.S. Dist. LEXIS 33272, at *9 (D.N.J. Mar. 14, 2016). "[U]nder Pennsylvania insurance law the intentional torts of assault and battery are not ordinarily considered 'accidents.'" *Britamco Underwriters v. Stokes*, 881 F. Supp. 196, 200 (E.D. Pa. 1995) (citing *Gene's Rest., Inc. v. Nationwide Ins. Co.*, 548 A.2d 246, 247 n.2 (Pa. 1988)).

---

[4]     Although this Court may refer to New Jersey law in discussing the Assault and Battery claim because it was brought under New Jersey law, the State Farm policies are interpreted in accordance with Pennsylvania law.

In fact, Rockinmusik does not contend that the Teacher's conduct on which the Assault and Battery claim in the Underlying Complaint is based was not intentional or that Jane Doe's bodily injury is not based on this intentional conduct.  Rather, in Response to State Farm's Motion for Judgment on the Pleadings, Rockinmusik suggests that the question of vicarious liability makes the case more complex.  *See* Resp. 7.  It also argues that because the claims of Hostile School Environment: Sex and of Negligent Hiring, Supervision and Retention were dismissed without prejudice while the parties conduct discovery, this case should be treated as not raising only an intentional tort.  *See id.*  These arguments are without support.

"An employer's vicarious liability for the intentional acts of its employees also falls outside of the definition of an 'occurrence.'"  *Navigators Ins. Co. v. Oasis on Essington, Ltd.*, No. 11-7074, 2014 U.S. Dist. LEXIS 104461, at *23-26 (E.D. Pa. July 31, 2014) (finding no duty to defend an underlying complaint based on intentional actions). *See also Essex Ins. Co. v. Quick Stop Mart*, No. 07-CV-1909, 2009 U.S. Dist. LEXIS 21268, at *26 (E.D. Pa. Mar. 13, 2009) (finding no duty to defend the insured-company as to a vicarious liability claim based on the alleged assault and battery by one of its employees because the policy defined "occurrence" as an accident); *Gene's Rest., Inc.*, 548 A.2d at 247 n.2 (finding no duty to defend the restaurant-insured in a complaint alleging the assault and battery of one of its patrons).  In a similar vein, "claims for relief on the basis of respondeat superior -- holding the insureds responsible for the intentional acts of their employee/agent -- could not potentially come within the coverage of the policy."  *Stokes*, 881 F. Supp. at 200 (finding that the insured had no duty to defend assault and battery claims against its employee because such acts were intentional and not "occurrences: within the limits of the policy").

As to Rockinmusik's assertion that this law does not apply because other claims in the Underlying Complaint were dismissed without prejudice, the legal authority, to which Rockinmusik cites, contradicts this argument.  *See, e.g. Nationwide Mut. Fire Ins. Co. v. McNulty*, No. 96 7304, 1997 U.S. Dist. LEXIS 20979, at *9 (E.D. Pa. Dec. 29, 1997) (holding that "the duty to defend continues only until the claim is narrowed to one patently outside the policy coverage" (internal quotations omitted)); *Nationwide Gen. Ins. Co. v. Dibileo*, 550 F. Supp. 3d 205, 212 (M.D. Pa. 2021) (determining that the "duty to defend continues until it has cabined the [underlying litigation] *only* to claims for which it has no duty to defend"); *State Farm Fire & Cas. Co. v. A.S.*, No. 16-35, 2016 U.S. Dist. LEXIS 179061, at *6-7 (W.D. Pa. Dec. 28, 2016) ("The duty to defend continues until such time as the claim is limited to relief that the policy does not cover.").  There is only one remaining claim in the Underlying Action, which is not covered by Rockinmusik's policy, and it would not be reasonable to impose a duty to defend on State Farm for this non-covered claim based simply on the *possibility* that Jane Doe *might* be able to allege a covered claim against Rockinmusik at some point in the *future*.

Accordingly, because there is no coverage in the policy for the sole remaining claim of Assault and Battery in the Underlying Action, declaratory judgment is granted and entered in State Farm's favor.[5]  State Farm has no duty to defend Rockinmusik against the Underlying Complaint in its current form.[6]

---

[5]    Having determined that Rockinmusik has failed to establish coverage under the policies, there is no need to address whether State Farm has shown that the "Expected or Intended Injury" exclusion also precludes coverage.

[6]    This Court offers no opinion as to whether State Farm may have a duty to defend the Underlying Action if the previously dismissed claims are reinstated.

### B.  In the absence of a duty to defend, State Farm has no duty to indemnify Rockinmusik.

Having found that State Farm does not currently have a duty to defend Rockinmusik in the Underlying Action, it also has no duty to indemnify.[7] *See Bellevue Holding Co.*, 856 F. Supp. 2d at 702 (explaining that if "a court finds that there is no duty to defend, it must necessarily hold that there is no duty to indemnify either"). This Court therefore grants declaratory judgment and declares that State Farm has no duty to indemnify Rockinmusik for any damages awarded on the Underlying Complaint in its current form.[8]

## V. CONCLUSION

State Farm's policy with Rockinmusik does not cover the alleged bodily injury to Jane Doe arising from the Teacher's alleged intentional sexual acts because it was not caused by an "occurrence," which is defined as an accident. In the absence of policy coverage, State Farm has no duty to defend or to indemnify Rockinmusik in the Underlying Action, which involves only the intentional tort of Assault and Battery.

A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[7] Because the policy does not cover the Assault and Battery claim in the Underlying Action, any punitive damage award related to this claim would also necessarily not be covered under the policy. Any determination as to whether punitive damages would be available under the policy for other claims is premature. *See Foremost Ins. Co. Grand Rapids v. Shlafman LLC*, No. 20-6416, 2021 U.S. Dist. LEXIS 74221, at *7 (E.D. Pa. Apr. 15, 2021) (refusing to consider the insured's contention that the policy covers punitive damages because the insurer's indemnification argument was not yet ripe).

[8] This Court offers no opinion as to whether State Farm may have a duty to indemnify Rockinmusik if Jane Doe's claim(s) for Hostile School Environment: Sex and/or Negligent Hiring, Supervision and Retention are reinstated.